UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ROBERT W. JOHNSON             :    Civ. No. 3:22CV00232(SALM)
                              :
v.                            :
                              :
NEW YORK STATE DIVISION OF    :    February 17, 2022
HUMAN RIGHTS, SUPER 8 BY      :
WYNDHAM & JULIA B. DAY        :
                              :
------------------------------x
```

**<u>INITIAL REVIEW ORDER</u>**

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on February 9, 2022. On that same date, he filed a motion to proceed <u>in forma pauperis</u>. <u>See</u> Doc. #2.

The Complaint names three defendants: the New York State Division of Human Rights ("DHR"), Super 8 by Wyndham, and Julia B. Day. <u>See</u> Doc. #1 at 1. The Complaint is submitted on a District of Connecticut complaint form. The "Nature of the Case" section states:

> Robert W. Johnson was discriminated against by Julia B. Day, New York State Division of Human Rights and Super 8 by Wyndham. Robert W. Johnson was denied Due Process Rights. Robert W. Johnson filed a complaint against Super 8 by Wyndham & Julia B. Day and New York State Division of Human Rights and General counsel denied merits.

<u>Id.</u> at 2. The "Cause of Action" section states, as to Count One: "Super 8 by Wyndham denied Robert W. Johnson lost wages,

insurance coverage for pending legal matters." Id. at 3. As
"supporting facts" plaintiff states: "Super 8 by Wyndham records
for Robert W. Johnson accident reports." Id. As to Count Two,
plaintiff alleges: "Julia B. Day & New York State Division of
Human Rights denied Robert W. Johnson Due Process Rights." Id.
As "supporting facts" plaintiff states: "Case No. 10212792 for
NYS Div. of Human Rights." Id. The form also includes the
statement: "Change of Jurisdiction to U.S. Courthouse in
Connecticut." Id. at 4.

I.   **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis
under 28 U.S.C. §1915, the Court reviews the complaint to
determine whether it is sufficient to proceed to service of
process. Section 1915 provides that "the court shall dismiss the
case at any time if the court determines that" the case "fails
to state a claim on which relief may be granted[.]" 28 U.S.C.
§1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint
must include sufficient facts to afford a defendant fair notice
of the claims and demonstrate a right to relief. See Bell
Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff
must plead "enough facts to state a claim to relief that is
plausible on its face." Id. at 570. Conclusory allegations are
not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[1] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented

---

[1] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be expansively drawn[.]" Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

## II. Discussion

The Court finds the Complaint's allegations insufficient to support an exercise of subject matter jurisdiction. Furthermore, the Court is unable to ascertain any valid legal claim from the face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F.

App'x 32 (2d Cir. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332. "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §1332. Dismissal is appropriate where plaintiff does not allege "diversity of citizenship between [him]self and any of the defendants." Graddy v. Bonsal, 375 F.2d 764, 765 (2d Cir. 1967). Plaintiff alleges that all defendants are, like him, citizens of New York. See Doc. #1 at 1. Accordingly, the Court does not have diversity jurisdiction over this action.

The Complaint asserts that plaintiff "was discriminated against" and that he was "denied Due Process Rights." Doc. #1 at 2. However, these conclusory statements are insufficient to

invoke federal question jurisdiction.[2] See, e.g., Book v. Mortg. Elec. Registration Sys., 608 F. Supp. 2d 277, 283 (D. Conn. 2009) ("[M]erely referencing" a Constitutional provision "is not sufficient to confer subject matter jurisdiction."); Khanom v. Kerry, 37 F. Supp. 3d 567, 575, 575 n.7 (E.D.N.Y. 2014) (finding lack of federal question jurisdiction in spite of "conclusory allegation" of Constitutional violations). Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331.

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8.

Even assuming, arguendo, that the Court had federal question jurisdiction, plaintiff's allegations would be insufficient to state a claim for violation of his rights under the Due Process Clause of the Fourteenth Amendment.

---

[2] Plaintiff has written "440: Other Civil Rights: Federal Question[]" in the "jurisdiction" section of the Complaint form. Doc. #1 at 2. This is insufficient to convey federal question jurisdiction.

> Procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard. See Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir.1999). To state a due process violation, Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1061-62 (2d Cir. 1993); Costello v. McEnery, 1994 WL 410885 *4 (S.D.N.Y. Aug. 3, 1994), aff'd, 57 F.3d 1064 (2d Cir. 1995). It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process.

Longo v. Suffolk Cty. Police Dep't Cty. of Suffolk, 429 F. Supp. 2d 553, 559 (E.D.N.Y. 2006). Plaintiff has not alleged that he was deprived of any constitutionally protected interest. Nor has he alleged any way in which the process received was insufficient. It appears that plaintiff is dissatisfied with the way in which DHR handled his complaint against Super 8 by Wyndham. But dissatisfaction with the outcome of a process is not sufficient to support a claim that the process itself was defective. See, e.g., Belanger v. Blum, No. 3:08CV00584(VLB), 2010 WL 1286857, at *6 (D. Conn. Mar. 30, 2010) ("While the Plaintiffs note disagreement with the Defendants' October 18, 2007 policy decision, they do not provide any facts indicating that the past or any future decision-making process did or would violate due process."); Wooten v. U.S. Dep't of Health & Hum. Servs. - Off. of Civil Rights, No. 10CV03728(SAS), 2011 WL 536448, at *8 (S.D.N.Y. Feb. 15, 2011), aff'd sub nom. Wooten v. U.S. Dep't of Health & Hum.

Servs., 478 F. App'x 708 (2d Cir. 2012) ("While plaintiff plainly disagrees with the outcome of the investigations, this does not make it a constitutional violation.").

Plaintiff makes no allegations as to: the nature of the discrimination he allegedly suffered; the basis for any such discrimination; his membership in any protected class; the harm cause or loss suffered because of the discrimination; or the statutory or Constitutional provision he believes was violated by the discrimination. See, e.g., Halder v. Avis Rent-A-Car Sys., Inc., 541 F.2d 130, 131 (2d Cir. 1976) (plaintiff asserting discrimination must do more than allege he was not hired); Huff v. W. Haven Bd. of Educ., 10 F. Supp. 2d 117, 124 (D. Conn. 1998) (dismissing claim where complaint set "forth only conclusory allegations of discrimination[]" and was "devoid of any factual allegations").

Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice.**

## III. <u>Conclusion</u>

For the foregoing reasons, the Complaint is **DISMISSED.**

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case, together with a proposed Amended Complaint, on or before **March 11, 2022.**

It is so ordered this 17th day of February, 2022, at New Haven, Connecticut.


/s/
_____
SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE